UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES MACDOWELL BOONE, ESQ.                      CIVIL ACTION

VERSUS                                            NO. 14-2254

ROBERT D. LESSER, M.D.                            SECTION "E"(2)

## REPORT AND RECOMMENDATION

Plaintiff, James MacDowell Boone, filed this action pro se and in forma pauperis. The sole named defendant is Robert D. Lesser, M.D., whom plaintiff identifies as his personal doctor for more than two years. Boone alleges that Dr. Lesser refused to give him medications for high blood pressure, pain and sleep, and apparently told plaintiff to leave the doctor's office. Plaintiff alleges that defendant's actions caused him severe pain and suffering and that he had to go to the emergency room for treatment as a result. Record Doc. No. 1 (Complaint).

## ANALYSIS

I.    STANDARDS OF REVIEW

A pro se complaint filed in forma pauperis shall be dismissed "at any time" if the court determines that it is frivolous or that it fails to state a claim on which relief may be granted or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact." Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005); Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998). The law "'accords judges . . . the authority to dismiss a claim

based on an indisputably meritless legal theory.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)); accord Geiger, 404 F.3d at 373.

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Id. (quoting Davis, 157 F.3d at 1005) (citing McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate . . . ." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e), either as legally frivolous because it lacks an arguable basis in law, or under Rule 12(b)(6) because it fails to state a cognizable claim under the broadest reading.[1]

On the face of Boone's complaint, jurisdiction is based on diversity of citizenship. "Federal jurisdiction extends to controversies between 'citizens of different States.' This statutory provision 'require[s] complete diversity between all plaintiffs and all

---

[1] Pro se complaints must be broadly construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bruce v. Little, 568 F. App'x 283, 285 (5th Cir. 2014); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have broadly construed the complaint in this case.

defendants.'" KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., L.L.C., 539 F. App'x 414 (5th Cir. 2013) (quoting 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005)). Complete diversity means that plaintiff's citizenship must be diverse from the citizenship of each and every defendant. Lincoln Prop. Co., 546 U.S. at 89; Breaux v. Dilsaver, 254 F.3d 533, 536 (5th Cir. 2001).

As to the citizenship of the parties, plaintiff alleges that Dr. Lesser resides and is domiciled in Louisiana. Boone asserts that, although he resides in Louisiana, his own domicile is in New Jersey. The state of domicile of each party establishes his citizenship for diversity purposes. Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564 (5th Cir. 2011); Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc., 485 F.3d 793, 797-98 (5th Cir. 2007). According to the complaint, plaintiff is a citizen of New Jersey and defendant is a citizen of Louisiana. Thus, it must be assumed for present purposes that complete diversity of citizenship exists for jurisdiction purposes.

The diversity jurisdiction statute also requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Boone's complaint satisfies this condition by seeking $5,000,000 in damages.

Louisiana substantive law applies to Boone's claim against Dr. Lesser brought pursuant to the court's diversity jurisdiction. In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007).

Construed broadly, the facts alleged in plaintiff's complaint assert a claim for alleged negligence by a doctor in the course of his medical treatment of a patient; i.e., medical malpractice. Under the Louisiana Medical Malpractice Act, "no action for malpractice against a qualified health care provider . . . may be commenced in a court of law before the complaint has been presented to a medical review panel and the panel has rendered its expert opinion on the merits of the complaint, unless the parties agree to waive this requirement." Hutchinson v. Patel, 637 So. 2d 415, 419 (La. 1994) (citing La. Rev. Stat. § 40:1299.47).

Boone has neither alleged nor provided any evidence that he submitted his claim against Dr. Lesser to a medical review panel or that the parties agreed to waive this requirement, as required by the Louisiana Medical Malpractice Act, before he filed his complaint in this court. Therefore, plaintiff's complaint must be dismissed without prejudice for failure to exhaust administrative remedies. Marcel v. Rehabcare Group, Inc., No. 08-3920, 2008 WL 4657258, at *2 (E.D. La. Oct. 20, 2008) (citing La. Rev. Stat. § 40:1299.47(B)(1)(a); La. Code Civ. Proc. art. 933; Englande v. SmithKline, 206 F. Supp. 2d 815, 817 (E.D. La. Feb. 8, 2002); Brister v. Sw. La. Hosp. Ass'n, 624 So. 2d 970 (La. App. 3d Cir. 1993)); Williams v. Bristol-Myers Squibb Co., No. 03-106, 2003 WL 328310, at *1 (E.D. La. Feb. 12, 2003); Williams v. Notami Hosps. of La., Inc., 927 So. 2d 368, 372-73 (La. App. 1st Cir. 2005); Lewis v. Crossman, 582 So.2d 991, 992-94 (La. App. 1st Cir. 1991).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's findings and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this   2nd   day of October, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.